[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14202
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:10-cr-00123-SDM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL MOYA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 24, 2012)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jose Angel Moya-Garcia appeals his 57-month sentence imposed for illegally re-entering the United States after having been deported as an aggravated felon, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

On appeal, Moya-Garcia argues that his sentence substantively is unreasonable because the court failed to give proper weight to his cultural assimilation argument[1] and focused unjustifiably on the need to afford adequate deterrence. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Moya-Garcia failed to satisfy his burden of proof. First, his 57-month sentence is at the low end of the 57 to 71-month advisory guideline sentence range, and we ordinarily expect a guideline sentence to be reasonable. See id. at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). His sentence is

---

[1]Although the cultural assimilation guideline -- now set forth in U.S.S.G. § 2L1.2, cmt. (n.8) -- was not in effect during Moya-Garcia's sentencing hearing, he argued for a downward variance, pursuant to 18 U.S.C. § 3553(a), based on his cultural ties to the United States.

also well below the 20-year statutory maximum sentence for his offense.  See 8

U.S.C. § 1326(b)(2); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir.

2008) (concluding that the reasonableness of a sentence may also be indicated

when the sentence imposed was well below the statutory maximum sentence).

Contrary to Moya-Garcia's assertion, the court spent considerable time

discussing his cultural assimilation argument.  It acknowledged that it had the

discretion to vary from the guideline range based on Moya-Garcia's cultural

assimilation and discussed each of the factors set forth in the proposed guideline.[2]

See U.S.S.G. § 2L1.2, cmt. (n.8).  The court acknowledged that Moya-Garcia had

cultural ties with the United States but concluded that he also had cultural ties with

Mexico.  The district court was also unconvinced that Moya-Garcia's cultural ties

were the "primary motivation" for his re-entry, noting that his criminal history

indicated that he was also motivated by economic reasons.  In the light of

Moya-Garcia's willingness to re-enter the country illegally, the court also

determined that a lower sentence would increase the risk of him doing so again.

---

[2]U.S.S.G. § 2L1.2, cmt. (n.8) provides that, in determining whether a downward departure based on cultural assimilation is appropriate, courts should consider whether:

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

Although Moya-Garcia argues that the district court relied too heavily on the need for deterrence, the court's discussion of the United States' immigration laws was also relevant to other section 3553(a) factors, including the need for a sentence to reflect the seriousness of an offense and to promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A), (B). Moreover, the weight to be given a particular section 3553(a) factor is left to the sound discretion of the district court absent a clear error of judgment. See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Because the court did not "focus single-mindedly" on the need for deterrence to the detriment of the other section 3553(a) factors, we see no such error. See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding a sentence was unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors").

Although he concedes that his guideline range was calculated correctly, Moya-Garcia also argues that the application of U.S.S.G. § 2L1.2(b)(1)(A)(vii)'s 16-level enhancement for his prior conviction for transporting illegal aliens resulted in an unreasonable sentence. Because he failed to demonstrate that his final sentence is substantively unreasonable, we reject this argument. See United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (stating that we review

4

the final sentence for reasonableness, not "each individual decision made during the sentencing process").

AFFIRMED.